IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, 10 S. Howard Street, 3rd Floor Baltimore, MD 21201, <br><br>Plaintiff, <br><br>v. <br><br>FISHER, COLLINS & CARTER, 10272 Baltimore National Pike Ellicott City, MD 21042, <br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. <br><br><br>COMPLAINT <br><br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Robert Gray and Wayne Seifert, who were adversely affected by such practices. The United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant Fisher, Collins & Carter unlawfully discriminated against Gray and Seifert by selecting them for a reduction-in-force because of their disabilities, because of their record of disabilities, and because Defendant regarded them as disabled.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of

the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I and Title V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Fisher, Collins & Carter, has been doing business and operating in Ellicott City, Maryland with at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g), and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Robert Gray and Wayne Seifert filed charges with the Commission alleging violations of Title I of the ADA by Fisher, Collins & Carter. All conditions precedent to the institution of this lawsuit have been fulfilled.

2

8. At all relevant times, Robert Gray has been a qualified individual with a disability as defined by the statute.

    a. Gray has Type II diabetes and hypertension. Gray was diagnosed with diabetes in 2005 while employed with Respondent following an infection that required him to miss work for three months. Gray takes oral medication four times a day to manage his diabetes. Gray has had hypertension for several years and takes one pill daily for this condition.

    b. As a result of his diabetes and hypertension, Gray is substantially limited in the major life activities of the operation of a major bodily function—the endocrine system and the circulatory system—when viewed without the mitigating measures of his prescription medication.

9. At all relevant times, Wayne Seifert has been a qualified individual with a disability as defined by the statute.

    a. Seifert has Type II diabetes and hypertension. Seifert was diagnosed with diabetes in 2004, while employed by Respondent, after experiencing numbness in his feet. Seifert takes oral medication twice daily to manage his diabetes. Seifert takes one pill daily for his high blood pressure.

    b. As a result of his diabetes and hypertension, Seifert is substantially limited in the major life activities of the operation of a major bodily function—the endocrine system and the circulatory system—when viewed without the mitigating measure of his prescription medication.

10. Gray has worked for Defendant for approximately fifteen years, working his way up from rodman to instrument man to party chief, while also performing the job of instrument

man. He was at all times able to perform the essential functions of his job without an accommodation.

11. Seifert has worked for the Defendant since 2000 as a rodman. He was at all times able to perform essential functions of his job without an accommodation. Seifert and Gray comprised one of the Defendant's surveying teams.

12. On or around January 20, 2009, Defendant engaged in unlawful employment practices at its facility in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). These practices include:

    a. selecting Gray and Seifert for a reduction-in-force because of their disabilities and retaining less qualified and less senior non-disabled similarly situated individuals;

    b. selecting Gray and Seifert for a reduction-in-force because of their record of disabilities and retaining less qualified and less senior non-disabled similarly situated individuals;

    c. selecting Gray and Seifert for a reduction-in-force and retaining less qualified and less senior non-disabled similarly situated individuals because Defendant regarded Gray and Seifert as having disabilities.

13. The effect of the practices complained of above has been to deprive Gray and Seifert, qualified individuals with disabilities, of equal employment opportunities and otherwise adversely affect their rights under the ADA resulting in expenses incurred due to the loss of health insurance, lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Gray and Seifert.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of a disability;

B. Order Defendant to implement non-discriminatory, objective, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

C. Order Defendant to make whole Gray and Seifert by providing compensation for non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

D. Order Defendant to make whole Gray and Seifert by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E. Order Defendant to reinstate Gray and Seifert or make them whole by providing them with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices;

F.  Order Defendant to make whole Gray and Seifert by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

G.  Order Defendant to pay Gray and Seifert punitive damages for its callous indifference to their federally protected right to be free from discrimination based on disability in the workplace;

H.  Grant such further relief as the Court deems necessary and proper; and

I.  Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Regional Attorney

_____ by DMS
MARIA SALACUSE
Supervisory Trial Attorney
Bar No. 15562

_____
LINDSEY ANNE WHITE
Trial Attorney

Bar No. 29183
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland  21201
(410) 209-2733 (phone)
(410) 962-4270 (fax)